## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID HALL** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **SECTION "        "** |
| | * | |
| **VERSUS** | * | **MAGISTRATE:** |
| | * | |
| **HORN MEDICAL L.L.C.,** | * | |
| **IGP MEDICAL L.L.C., JEFFREY G.** | * | **JUDGE:** |
| **WENZEL, AND** | * | |
| **LOUIS PROVENZA, M.D.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:

The complaint of David Hall, through undersigned counsel, complaining of the defendants, Horn Medical, L.L.C., IGP Medical, L.L.C., Jeffrey G. Wenzel, and Louis Provenza, M.D., with respect, asserts that:

I.

Plaintiff, David Hall, is of lawful age and is a resident and citizen of Boones Mill, Virginia.

II.

Defendant, Horn Medical, L.L.C., is a limited liability company organized under the laws of the State of Louisiana and has its principal place of business in Baton Rouge, Louisiana, and, at all times pertinent herein, was authorized to do and/or was doing business within the jurisdiction of this Honorable Court.

III.

Defendant, IGP Medical, L.L.C., is a limited liability company organized under the laws of the State of Louisiana and has its principal place of business in New Orleans, Louisiana, and, at all times pertinent herein, was authorized to do and/or was doing business within the jurisdiction of this Honorable Court.

IV.

Defendant, Jeffrey G. Wenzel, is a resident and citizen of New Orleans, Louisiana; at all times pertinent herein, Jeffrey G. Wenzel was a principal and/or employee of IGP Medical L.L.C., and an employee of and/or agent of Horn Medical L.L.C., and was in the course and scope of his employment and/or agency with Horn Medical, L.L.C. and/or IGP Medical, L.L.C.

V.

Louis Provenza, M.D., is a citizen and resident of the State of Louisiana, who resides within the jurisdiction of this Honorable Court.

VI.

This court's subject-matter jurisdiction is based upon diversity of citizenship; the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000. 28 U.S.C. §1332.

VII.

On or about November 11, 2008, David Hall became the patient of defendant, Louis Provenza, M.D., who provided medical care and treatment to him in St. Tammany Parish, Louisiana, within the jurisdiction of this Honorable Court.

2

VIII.

On February 16, 2009, David Hall underwent a lumbar surgery at Louisiana Heart Hospital.  The surgery was performed by Dr. Provenza who inserted Verticor Eclipse Spinal Spheres at the L3-L4 and L4-L5 levels of plaintiff's spine.

IX.

Verticor, Ltd., formerly doing business as Interbody Innovations, Ltd., designed and manufactured the Eclipse Spinal Spheres, Lot 14974-3-1 and Lot 14974-4-1, that were implanted in plaintiff's lumbar spine.

X.

During the surgery on February 16, 2009, Dr. Provenza did not use bone graft, allograft, or synthetic bone graft.

XI.

Dr. Louis Provenza has testified that he did not fuse plaintiff's lumbar spine on the advice of Jeffrey G. Wenzel, an agent and/or employee of Horn Medical, L.L.C., and/or of IGP Medical, L.L.C., which distributed and sold the Verticor Eclipse Spinal Spheres, and who informed Dr. Provenza that they did not need to be used in conjunction with bone grafting.

XII.

Subsequent to the surgery, Mr. Hall developed neurologic deficits, including right foot drop and severe back and leg pain, infection, pulmonary emboli, and lower extremity deep vein thrombosis.  Diagnostic testing revealed that there was no pedicle screw placement, no evidence of fusion attempted, and that the spheres that Dr. Provenza had implanted had displaced; the sphere

3

at L4-L5 displaced posteriorly and compressed the thecal sac, and the sphere at L3-L4 also displaced posteriorly.   Plaintiff underwent surgery on April 8, 2009 to remove the hardware implanted by Dr. Provenza.   On July 29, 2009, additional surgery, consisting of a lumbar fusion at L3-4 and L4-5, was performed.   Mr. Hall continues to suffer neurological deficits.

XIII.

As a direct result of the above-described incident, David Hall has suffered severe physical pain as well as emotional injuries and mental anguish, has become permanently disabled, has incurred past medical expenses, will incur medical expenses in the future, has suffered wage loss, past and future, including an impairment of his earning capacity, and has lost enjoyment of life.

XIV.

The above-described incident and injuries were proximately caused by the fault, including the negligence, of defendants, Horn Medical L.L.C., IGP Medical, L.L.C., and Jeffrey G. Wenzel, including, but not limited to, the following particulars:

a.   failing to warn of the dangerous and defective propensities of the spheres in question, which were unreasonably dangerous for the use for which they were put at all times pertinent herein;

b.   failing correctly to advise and/or to warn Louis Provenza, M.D. that a fusion was required in conjunction with surgical placement of the spheres;

c.   All other acts of negligence and fault as may be shown at the trial herein.

XV.

Defendant, Louis Provenza, M.D., deviated from the applicable standard of care by not

using bone graft with the spheres during the surgery on February 16, 2009.  The spheres are approved by the FDA for use with bone graft, and the standard of care required that bone graft be used in conjunction with the spheres that Dr. Provenza elected to use during the February 16, 2009 surgical procedure.   Because Dr. Provenza did not use bone graft with spheres, this caused or was a substantial factor contributing to the spheres' displacing posteriorly and causing neurological harm to Mr. Hall and necessitated his receiving additional medical care, including surgeries that would not have otherwise been needed. Louis Provenza, M.D. deviated from the applicable standard of care in the performance of the surgery performed on plaintiff on February 16, 2009.

XVI.

Plaintiff, David Hall, first discovered and became aware of the negligence and fault of Horn Medical, L.L.C., IGP Medical L.L.C., and Jeffrey G. Wenzel, during the deposition of Louis Provenza, M.D., on July 13, 2010.

XVII.

In accordance with the Louisiana Medical Malpractice Act, plaintiff filed a request for a medical review panel; the panel's life expired prior to its rendering a decision with respect to the care afforded by defendant, Louis Provenza, M.D.

XVIII.

As a proximate result of the foregoing described incident, plaintiff, David Hall, has and will sustain compensatory damages in an amount reasonable in the premises, including, but not limited to, recovery for the pain, suffering, and mental anguish, both past and future, that he has suffered; for permanent disability, for loss of life's pleasures, for lost wages, past and future, and

5

for impairment of his earning capacity; and for his medical bills, both past and future.

WHEREFORE, plaintiff, David Hall, prays for damages against the defendants, Horn Medical L.L.C., IGP Medical, L.L.C., Jeffrey G. Wenzel, and Louis Provenza, M.D., in an amount reasonable under the premises, with judicial interest from date of the casualty until paid, plus all costs of these proceedings, and for all general and equitable relief.

Respectfully Submitted,

**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**

BY:  s/*Stevan C. Dittman*
**STEVAN C.   DITTMAN, T.A., No.   16888**
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304
Facsimile: (504)528-9973
E-Mail: sdittman@gainsben.com

Attorneys for Plaintiff

**PLEASE SERVE:**

Horn Medical, L.L.C.
Through its registered agent:
Michael Horn
18229 North Mission Hills Ave.
Baton Rouge, LA 70810

IGP Medical, L.L.C.
Through its registered agent:
Jeffrey Gustave Wenzel
1416 Cadiz Street
New Orleans, LA 70115

Jeffrey Gustave Wenzel
1416 Cadiz Street
New Orleans, LA 70115

Louis Provenza, M.D.
1001 Florida Avenue
Slidell, LA 70458

6