UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID HALL — CIVIL ACTION

VERSUS — NO: 11-1032

HORN MEDICAL, L.L.C., ET AL. — SECTION: R(1)

**ORDER AND REASONS**

Defendants Horn Medical, L.L.C., IGP Medical, L.L.C. and Jeffrey Wenzel move for summary judgment.[1] Plaintiff David Hall and plaintiff-in-intervention LUBA Casualty Insurance Company oppose the motion.[2] For the following reasons, the Court GRANTS the motion.

## I. BACKGROUND

This personal injury case arises from a spinal surgery defendant Dr. Louis Provenza performed on David Hall on February 16, 2009. Hall had approached Dr. Provenza on November 11, 2008, exhibiting herniated discs at levels L3-L4 and L4-L5 of his lumbar spine.[3] Given Hall's age, Dr. Provenza recommended

---

[1] R. Doc. 47.

[2] R. Doc. 49; R. Doc. 50.

[3] R. Doc. 49-5 at 4.

inserting intradiscal cage devices in the affected discs without performing a bone graft, also known as a fusion.[4]

The cage device Dr. Provenza contemplated using was the Eclipse Sphere, which he obtained from Jeffrey Wenzel, the sole owner of IGP Medical. Wenzel worked as an independent contractor for Horn Medical, a medical device supply company.[5] Horn Medical received the Eclipse Sphere from Verticor, its manufacturer, and then supplied the Eclipse Sphere to the physician.[6] The Eclipse Sphere came in a box that contained instructions for use required by the Food and Drug Administration.[7] The instructions specified, *inter alia*, that the "Spinal Spheres are intended to be used with bone graft."[8]

When Dr. Provenza performed the surgery, he inserted the Eclipse Sphere without doing a bone graft or fusion.[9] Dr. Provenza asserts that the sales representative told him that he could use the Eclipse Sphere without a bone graft.[10] Hall asserts that after the surgery, the spheres displaced and caused

---

[4] *Id.* at 3.

[5] R. Doc. 49-4 at 1-3.

[6] *Id.* at 3-4.

[7] R. Doc. 49-2; R. Doc. 49-3 at 5.

[8] R. Doc. 49-2 at 1.

[9] R. Doc. 49-5 at 9.

[10] R. Doc. 49-5 at 6.

a number of neurological deficits.[11] Hall submits that the insertion of the discs without using a bone graft caused his injuries.[12] After he went through two surgeries to repair the injury he suffered from the initial surgery, Hall sued Horn Medical, IGP Medical, Wenzel, and Dr. Provenza. Hall alleges a medical malpractice claim against Dr. Provenza and negligence claims against Horn Medical, IGP Medical, and Wenzel for failing to advise Dr. Provenza that the Eclipse Sphere should be used with a bone graft.[13] Louisiana United Business Association Casualty Insurance Company ("LUBA") filed a complaint in intervention.[14] LUBA asserts that it insures Hall's employer under the Louisiana Worker's Compensation Act, La. Rev. Stat. § 23:1032, *et seq.*, and that it is entitled to recover medical benefits it paid to Hall on behalf of Hall's employer.[15]

On June 20, 2011, Horn Medical, IGP Medical, and Wenzel filed a motion to dismiss for failure to state a claim on the grounds that Hall could not assert medical malpractice claims against parties who are not health care providers.[16] The Court

---

[11] R. Doc. 1 at 3-4.

[12] R. Doc. 49-8.

[13] R. Doc. 1.

[14] R. Doc. 19.

[15] *Id.* at 3.

[16] R. Doc. 8.

denied the motion at oral argument, finding that Hall alleged negligence claims, not medical malpractice claims, against defendants Horn Medical, IGP Medical, and Wenzel.[17]

Horn Medical, IGP Medical, and Wenzel now move the Court to grant summary judgment on the claims against them. They argue that (1) Horn Medical must be dismissed because Wenzel was an independent contractor and Horn Medical cannot be vicariously liable for his acts, and (2) that Hall presents no evidence or expert testimony that Horn Medical, IGP Medical, or Wenzel breached the standard of care.[18] In response, Hall contends that genuine issues of material fact exist.[19] LUBA also opposes the motion and contends that there are genuine issues of material fact.[20]

## II. STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

---

[17] R. Doc. 20.

[18] Defendants' motion also argues that Dr. Provenza does not have evidence or expert testimony that Horn Medical, IGP Medical, or Wenzel breached the standard of care. Because Dr. Provenza does not assert claims against Horn, IGP and Wenzel, the Court does not address this aspect of defendants' argument.

[19] R. Doc. 49.

[20] R. Doc. 50.

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may

not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

## III. DISCUSSION

### A. Horn Medical

Defendants contend that Horn Medical must be dismissed because there is no evidence that Horn ever discussed the Eclipse Sphere with Dr. Provenza. Defendants also argue that Horn cannot

be held liable for acts of Wenzel because he was an independent contractor. The Court finds that defendants' arguments have merit. First, the record contains no evidence that Horn ever interacted with Dr. Provena. Second, under Louisiana law, a principal generally is not liable for any negligent acts committed by its independent contractor in the course of performing its contractual duties. *See Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549 (5th Cir. 1987); *see also Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994). Both Wenzel and Michael C. Horn, the sole owner of Horn Medical, contend that Wenzel works as an independent contractor for Horn Medical.[21] Hall admits that Horn Medical and Wenzel/IGP Medical have an independent contractor relationship.[22] Because Horn Medical cannot be liable for acts committed by its independent contractors, and because Horn did not make any representations, the Court dismisses the claim against Horn Medical.

**B. Wenzel and IGP Medical**

Defendants contend that there is no evidence that Wenzel or IGP breached the standard of care.[23] The gravamen of Hall's claim against Wenzel and IGP is negligent misrepresentation. To

---

[21] R. Doc. 47-6 at 2; R. Doc. 47-5 at 3.

[22] R. Doc. 49 at 3; R. Doc. 49-1 at ¶11 (admitting fact).

[23] R. Doc. 47-3 at 4-5.

prevail on a claim of negligent misrepresentation that results in physical harm, a plaintiff must demonstrate (1) a negligent misrepresentation or giving of false information to another, (2) foreseeable action taken by the other in reasonable reliance on such information, (3) which results in physical harm to the other or to a third person who reasonably could be expected to be put in peril by the action taken. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999). This tort "by its own terms requires an affirmative misstatement, not just a non-disclosure." *McLauchlan v. New York Life Ins. Co.*, 488 F.3d 624, 630 (5th Cir. 2007). It does not create "a duty that would require everyone to warn everyone else of various physical dangers, regardless of the relationship." *Id.*

Hall contends that there is a genuine issue of material fact regarding what Wenzel told Dr. Provenza about the Eclipse Sphere. Wenzel testified that he had no discussions with Dr. Provenza about how the Eclipse Spheres were to be used in Hall's surgery.[24] Although he was present during Hall's surgery, Wenzel testified that he did not speak to Dr. Provenza about whether the Eclipse Spheres were to be accompanied by a bone graft or fusion.[25] Dr. Provenza testified, however, that Wenzel told him

24 R. Doc. 49-3 at 7,10.

25 *Id.* at 12.

that he could use the Eclipse Sphere without a bone graft.[26] Although Dr. Provenza testified that he would have used the Eclipse Sphere on Hall's surgery even if he had known that the spheres were intended to be used only with bone graft, he testified that he would have done so based on the representations Wenzel made to him.[27] Dr. Provenza further stated that if the sales representative had told him that the spheres should be used with a bone graft, he would have used the spheres without the bone graft and informed Hall that it was an "off label" use.[28] But Dr. Provenza emphasized that he "would not use it without bone graft unless the rep said that it could be used without bone graft as an off label [use]."[29]

Even if Wenzel told Dr. Provenza that he could use the spheres without a bone graft, the Court finds that any reliance by Dr. Provenza on that statement to be unreasonable as a matter of law. These representations were not about the physical properties of the spheres, or how to operate a mechanical device. Further, Hall does not claim that the device was defective or malfunctioned, or that the manufacturer failed to provide adequate warnings. Rather, Wenzel's purported statements

---

26 R. Doc. 49-5 at 6.

27 R. Doc. 49-5 at 9.

28 *Id.*

29 R. Doc. 49-5 at 10.

addressed what type of spinal procedure Dr. Provenza should perform on Hall. As a seasoned neurosurgeon, it is patently unreasonable for Dr. Provenza to rely on a sales representative's opinion about the type of procedure that should be employed in operating on a patient's spine. *Cf. Uribe v. Sofamor, S.N.C.*, No. 8:95CV464, 1999 WL 1129703, at *6 (D. Neb. Aug. 16, 1999)("Off-label use of a medical device is a matter of medical judgment."). Moreover, the instructions in the Eclipse Sphere package clearly stated that the spheres were intended to be used with a bone graft.[30] Wenzel testified that the instructions come with the device, and that he leaves the warnings in the box that is shipped.[31] Because Dr. Provenza's reliance was unreasonable as a matter of law, the negligent misrepresentation claim against him must fail.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion.

New Orleans, Louisiana, this 16th day of May, 2012.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[30] R. Doc. 49-2 at 1.

[31] R. Doc. 49-3 at 5.